IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIELLE VOLLMAR                    *

        Plaintiff              *

        vs.                     *     CIVIL ACTION NO. MJG-11-772

O.C. SEACRETS, INC., et al.         *

        Defendants             *

*        *        *        *        *        *        *        *        *

RULE 54(b) DETERMINATION

The Court has conferred with counsel this date and has been informed that the parties agree that there should be a final Judgment entered regarding Plaintiff's claims against Defendants O.C. Seacrets, Inc. and O.C. Seacrets, LLC.

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> When . . . multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

A Rule 54(b) certification should be the exception, not the rule, for it is important to prevent piecemeal appeals of a case. As stated by then Judge (now Justice) Kennedy in Morrison-Knudsen Co., Inc. v. Archer:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks

of multiplying the number of proceedings and of
overcrowding the appellate docket are
outbalanced by pressing needs of the litigants
for an early and separate judgment as to some
claims or parties.

655 F.2d 962, 965 (9th Cir. 1981).

In Braswell Shipyards, Inc. v. Beazer East, Inc., the Fourth

Circuit held that to make a proper Rule 54(b) certification, a

district court must:

> 1. [D]etermine whether the judgment is
>    "final" . . . in the sense that it is "an
>    ultimate disposition of an individual
>    claim entered in the course of a multiple
>    claims action[,]" [and] . . .
>
> 2. [D]etermine whether there is no just
>    reason for the delay in the entry of
>    judgment.

2 F.3d 1331, 1335 (4th Cir. 1993) (citing Curtis-Wright Corp. v.

General Electric Co., 446 U.S. 1, 7-8 (1980) (internal citations

omitted)).

The Fourth Circuit said that in making this case-specific
determination, which was tilted against piecemeal appeals, the
district court should consider the following factors if applicable:

> (1) [T]he relationship between the adjudicated and
> unadjudicated claims;
>
> (2) [T]he possibility that the need for review might or
> might not be mooted by future developments in the district
> court;
>
> (3) [T]he possibility that the reviewing court might be
> obliged to consider the same issue a second time;

(4) [T]he presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;

(5) [M]iscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell Shipyards, 2 F.3d at 1335-36 (citations omitted).

In light of the foregoing factors, and all other applicable facts and circumstances, the requisite two-step determination is made in the instant case.   First, the contemplated judgment would most certainly be "final" in the Rule 54(b) sense since it reflects the resolution of all issues relating to Defendants O.C. Seacrets, Inc. and O.C. Seacrets, LLC.   Second, the unadjudicated claims are against Defendant Shepard and independent of the adjudicated claims.

For the foregoing reasons, the Court determines that, pursuant to Rule 54(b):

1. A final judgment can be entered resolving Plaintiff's claims against Defendants O.C. Seacrets, Inc. and O.C. Seacrets, LLC;

2. There is no just reason for delay in the entry of such a judgment; and

3. Judgment pursuant to Rule 54(b) shall be entered by separate Order.

SO ORDERED, on Monday, October 24, 2011.

_____/s/_____
Marvin J. Garbis
United States District Judge